Fady Eskandar, Esq. CA Bar 308057
Law Office of Fady Eskandar
421 N. Brookhurst St., Ste. 200
Anaheim, CA 92801
T: (714) 729-3303
F: (714) 274-7691
E: fadyeskandaresq@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAREK AL HALABI, <br><br> Plaintiff, <br><br> vs. <br><br> ALEJANDRO MAYORKAS, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, <br><br> **SERVE:** <br> Office of The General Counsel <br> Department of Homeland Security <br> 2707 Martin Luther King Jr. Ave, SE <br> Mail Stop 0485 <br> Washington, DC 20528-0485 <br><br> **UR M. JADDOU, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** <br><br> **SERVE:** <br> U.S. Citizenship & Immigration Services <br> 425 I. Street, N.W., Room 6100 <br> Washington, D.C. 20536 | Case No.: 8:23-cv-1013 <br><br> **COMPLAINT TO COMPEL AGENCY ACTION AND PETITION FOR WRIT OF MANDAMUS** |

COMPLAINT TO COMPEL AGENCY ACTION AND PETITION FOR WRIT OF MANDAMUS - 1

AND;

**DAVID M. RADEL, DIRECTOR OF THE LOS ANGELES ASYLUM OFFICE,**

**SERVE:**
David Radel
Los Angeles Asylum Office
P.O. Box 2003
Tustin, CA 92781-2003

      **Defendants**

## PRELIMINARY STATEMENT

1. This is a civil action seeking to compel federal administrative agency action unreasonably delayed, pursuant to 5 U.S.C. § 555(b) and § 706(1), with an alternative petition for *mandamus* relief, pursuant to 28 U.S.C. § 1361.

2. On October 07, 2016, Plaintiff filed an I-589 Application for Asylum, within the Jurisdiction of the Los Angeles Asylum Office. To date, the Los Angeles Asylum Office has failed to schedule Plaintiff for an interview almost seven years after he filed his application.

3. Plaintiff has made several attempts to have Defendants adjudicate his application including putting herself on the standby list maintained by the Los Angeles Asylum Office. Plaintiff has no other administrative remedy available to compel Defendants to act. Defendants' willful failure to adjudicate Plaintiff's petition causes irreparable harm to Plaintiff by depriving him of the protections described by 8 U.S.C. §§ 1158 and 1159, and keeping him from accruing time toward the ultimate protection of seeking naturalization in this country under 8 U.S.C. § 1427.

# PARTIES

4. Plaintiff, Tarek Al Halabi, is a citizen of Syria.

5. Plaintiff came to the United States in July 2016, and filed for asylum within the statutorily required one year of entry on Octobre 07, 2016. 8 U.S.C. § 1158(a)(2)(B).

6. USCIS completed the fingerprinting and photographing of Plaintiff as part of the processing of the pending application.

7. Plaintiff made several attempts to have Defendants schedule him for an interview including listing himself on the Standby list maintained by the Los Angeles Asylum Office.

8. To date, Defendants have taken no action on the pending asylum application.

9. Plaintiff brings this action to compel the Los Angeles Asylum Office to finally interview and adjudicate the pending asylum application as required by law.

10. Defendant Alejandro Mayorkas, the Secretary of the DHS, is the highest-ranking official within the DHS. Mayorkas, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Mayorkas is sued in an official capacity as an agent of the government of the United States.

11. Defendant UR M. JADDOU, Director of the USCIS, is the highest-ranking official within the USCIS. Jaddou is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including

COMPLAINT TO COMPEL AGENCY ACTION AND PETITION FOR WRIT OF MANDAMUS - 3

the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

12. Defendant David M Radel is the Director of the Los Angeles Asylum Office and is sued only in an official capacity, as well as any successors and assigns. The Los Angeles Asylum Office has jurisdiction over applications for asylum applications filed by applicants in Southern California, where Plaintiff resides. Defendant is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. David M Radel is sued in an official capacity as an agent of the government of the United States.

13. Defendants are responsible for the adjudication, grant and denial of I-589 applications of those seeking asylum, including Plaintiff, pursuant to 8 U.S.C. § 1103, § 1258.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the laws of the United States, particularly *The Homeland Security Act of 2002*, Pub. Law No. 107-296 (Nov. 25, 2002), as amended by Pub. Law No. 108-7, § 105 (Feb. 20, 2003), 8 U.S.C. § 1103, § 1105 § 1258, 28 U.S.C. § 534(a)(4), and related agency rules, including agency statements not published under notice and comment rulemaking.

15. This Court also has jurisdiction to issue a writ of *mandamus* to compel agency action under 28 U.S.C. § 1361, as the Plaintiff's claims are against officers and employees of the United States and agencies thereof. Additionally, the Court has jurisdiction to hear this case under 5 U.S.C. §

706, as the Plaintiff seeks as order to "compel agency action unlawfully withheld or unreasonably delayed."

16. There are no administrative remedies available to Plaintiff to redress the grievances described in this complaint. This action challenges the Defendants' failure to act, not the discretionary granting or denial of individual petitions or applications. Therefore, the jurisdictional limitations under 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252 do not apply.

17. Jurisdiction is also conferred by 5 U.S.C. § 704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures in order to confer jurisdiction on the District Courts. 5 U.S.C. § 702 *et seq*.

18. The aid of the Court is invoked under 28 U.S.C. § 2201 and § 2202, authorizing a declaratory judgment.

19. Costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412(d), *et seq*.

20. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) 50% or more of plaintiffs reside in this district as plaintiff resides in Irvine, CA; (4) the Defendants all maintain offices within this district.

## STATEMENT OF THE CASE

21. Plaintiff has been unable to move Defendants to interview and adjudicate his I-589 asylum application. Attempts by Plaintiff to have his application adjudicated through status inquiries have failed to move the Defendants to act. Plaintiff has exhausted his administrative remedies.

COMPLAINT TO COMPEL AGENCY ACTION AND PETITION FOR WRIT OF MANDAMUS - 5

22. Defendants have failed or willfully refused to adjudicate or otherwise process Plaintiff's I-589 application after more than six years since October 2016.

23. The Defendants' failure to adjudicate Plaintiff's I-589 application prevents and delays Plaintiff's ability to obtain the permanent protections of asylum under 8 U.S.C. § 1158, and to begin to accrue time toward her ability to adjust her status to that of Lawful Permanent Residence under 8 U.S.C. § 1159. That further delays her ability to then apply for naturalization in this country under 8 U.S.C. §§ 1421 and 1427.

24. Congress has mandated that: "final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(iii). Defendants have defiantly refused to follow Congressional mandate, by refusing to adjudicate the Plaintiff's I-589 application, more than seven years since filing, well past the mandatory 180 days.

25. In addition to the clear mandate of § 1158(d)(5)(A)(iii), Congress has also more generally found that: "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b). The term "immigration benefit application" means any application or petition to confer, certify, change, adjust, or extend any status granted under the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. 8 U.S.C. § 1572.

26. The Administrative Procedures Act ("APA") directs agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b). When an agency fails to conclude a matter presented to it within a reasonable time, the APA grants judicial review to "compel agency action

COMPLAINT TO COMPEL AGENCY ACTION AND PETITION FOR WRIT OF MANDAMUS - 6

unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" is defined by the APA as "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

27. The APA further requires administrative agencies to provide a notice-and-comment period prior to implementing a substantive rule, including a rule that is a departure from prior policy and practice and that has a substantial adverse effect upon a large number of those affected. 5 U.S.C. § 553.

## CAUSES OF ACTION

### Count I

*(Non-statutory Action for Non-monetary Relief)*

28. Plaintiff reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

29. Defendants have disregarded specific and unambiguous regulatory statutory directives to adjudicate Plaintiff's I-589 asylum application within the required 180 days.

### Count II

*(Violation of Administrative Procedure Act)*

30. Plaintiff reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

31. Defendants' practices, policies, interpretations of law, conduct and failures to act violate the *Administrative Procedure Act*, as the alleged agency action is: (a) "unlawfully withheld or unreasonably delayed," under 5 U.S.C. § 706(1); (b) not concluded "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time," under 5 U.S.C. § 555(b); (c) "arbitrary, capricious and an abuse of discretion or otherwise not

in accordance with law," under 5 U.S.C. § 706(2) (A); and (d) "without observance of procedures required by law," under 5 U.S.C. § 706(2)(D).

32. As a result, Plaintiff has suffered irreparable harm entitling them to injunctive and other relief.

## Count III

*(Violation of Right to Due Process of Law)*

33. Plaintiff reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

34. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

35. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

## Count IV

*(Petition for Writ of Mandamus)*

36. Plaintiff reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

37. Defendants are charged with a duty to administer and enforce the *Immigration and Nationality Act*, as amended by *The Homeland Security Act of 2002*, Pub. Law No. 107-296 (Nov. 25, 2002), as amended by Pub. Law No. 108-7, § 105 (Feb. 20, 2003).

38. Defendants Mayorkas, Jaddou, and Radel have sole responsibility for the adjudication of applications for asylum filed under 8 U.S.C. § 1158.

39. Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

40. Plaintiff has a clear right to have her application adjudicated pursuant to the *Immigration and Nationality Act*, as amended.

41. Plaintiff has no administrative remedies available to compel Defendants to perform their statutory and regulatory duties.

42. Pursuant to 28 U.S.C. § 1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiff so that Plaintiff may be promptly informed of the outcome of her application.

## Count V

*(Equal Access to Justice Act)*

43. Plaintiff reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

44. If Plaintiff prevails, they will seek attorney's fees and costs, pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

1. Preliminarily and permanently enjoin Defendants from failing to perform a timely adjudication of Plaintiff's I-589 Affirmative Application for Asylum;

2. Order Defendants Mayorkas, Jaddou, and Radel to perform their duties and immediately adjudicate Plaintiff's application;

3. Award the Plaintiff attorney fees and costs under the *Equal Access to Justice Act*; and

4. Grant such other relief as the Court deems just, equitable and proper.

COMPLAINT TO COMPEL AGENCY ACTION AND PETITION FOR WRIT OF MANDAMUS - 9

**RESPECTFULLY SUBMITTED**

June 09, 2023

*/S/ Fady Eskandar*

Fady Eskandar

*Attorney for Plaintiff*

## **LIST OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | I-589 Receipt Notice and Biometrics Notices. |
| 2 | Congressional Inquiry Response |